IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-314-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| RASHEEM KIREEM HICKS, | ) |
| | ) |
| Defendant. | ) |

On July 14, 2020, Rasheem Kireem Hicks ("Hicks" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 76]. On August 6, 2020, Hicks moved again for compassionate release [D.E. 77]. On January 25 and March 3, 2021, Hicks sent the court letters regarding his motions [D.E. 87, 88]. On May 20, 2021, the government responded in opposition and filed exhibits [D.E. 92]. On June 10, 2021, Hicks replied [D.E. 93]. As explained below, the court denies Hicks's motions.

I.

On July 10, 2019, without a plea agreement, Hicks pleaded guilty to possession of a firearm by a felon (count one) and possession with intent to distribute a quantity of cocaine base (crack) (count two). See [D.E. 1, 48]. On October 8, 2019, the court held Hicks's sentencing hearing and adopted the facts as set forth in the Presentence Investigative Report ("PSR"). See [D.E. 57, 60, 61]. The court calculated Hicks's total offense level to be 23, his criminal history category to be IV, and his advisory guideline range to be 70 to 87 months' imprisonment. See [D.E. 61] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hicks to

78 months' imprisonment on each count to be served concurrently. See [D.E. 60] 2. The court also announced that even if it miscalculated the advisory guideline range, then it would impose the same sentence as an alternative variant sentence. See [D.E. 61] 4. Hicks appealed [D.E. 63]. On December 1, 2020, the United States Court of Appeals for the Fourth Circuit dismissed Hicks's appeal as untimely [D.E. 84].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious

2

medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently

---

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)    Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Hicks contends that BOP staff submitted a compassionate release request on his behalf. See [D.E. 76]. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Hicks's claim on the merits.

Hicks seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Hicks cites the COVID-19 pandemic, his age (42), and his sickle cell anemia, cirrhosis of the liver, a blood clot on his liver, diabetes, hypertension, gastroesophageal reflux disease ("GERD"), osteomyelitis, esophageal varices, portal vein occlusion, and recent hospitalizations. See [D.E. 76]; [D.E. 77]; [D.E. 83]; [D.E. 87]; [D.E. 89]; [D.E. 93] 5–6, 10–11. Hicks also cites his rehabilitation efforts. See [D.E. 93] 11–12; [D.E. 93-1].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Hicks states that he suffers from sickle cell anemia, cirrhosis of the liver, a blood clot on his liver, diabetes, hypertension, GERD, osteomyelitis, esophageal varices, and portal vein occlusion, and recently has been hospitalized, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Hicks serves his sentence. Moreover, Hicks has received both doses of the Pfizer BioNTech vaccine. See [D.E. 92] 1, 3, 19; [D.E. 92-1]; cf. [D.E. 93] 7 n.2. Hicks argues that the vaccine may not lower his medical risks, but the court rejects his argument as meritless. Accordingly, reducing Hicks's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Hicks's age and medical conditions, and Hicks's rehabilitation efforts are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Hicks's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Hicks is 42 years old and engaged in serious criminal conduct in December 2017. See PSR ¶¶ 7–9. Hicks possessed with the intent to distribute cocaine base (crack). He also possessed digital scales, other paraphernalia, and $1,123 in U.S. currency. See id. Moreover, in furtherance of his drug trafficking and despite being a convicted felon, Hicks possessed a stolen, loaded .40 caliber handgun. See id. Hicks's illegal behavior is nothing new. Hicks has a long history of drug dealing,

6

including convictions for possession with intent to manufacture, sell, or distribute cocaine (five counts), selling cocaine (five counts), possession of a controlled substance within 300 feet of a school, and possession with intent to sell or distribute a counterfeit controlled substance. See id. ¶¶ 14–31. Furthermore, Hicks is a violent recidivist with additional convictions for injury to real property (two counts), driving while license revoked (three counts), communicating threats, public disturbance, fleeing or eluding arrest with a motor vehicle, carrying a concealed gun, assault on a female (three counts), and resisting a public officer. See id. Hicks also has a history of violating probation. See id. Although Hicks has taken some positive steps while incarcerated, he sustained an infraction for phone abuse. See [D.E. 92-3]; cf. [D.E. 93] 11–12; [D.E. 93-1].

The court has considered Hicks's exposure to COVID-19, his vaccination status, his age, his medical conditions, and his rehabilitation efforts. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, including the steps that the BOP has taken to address COVID-19 and to vaccinate Hicks, Hicks's misconduct in prison, the section 3553(a) factors, Hicks's arguments, the government's persuasive response, and the need to punish Hicks for his serious criminal behavior, to incapacitate Hicks, to promote respect for the law, to deter others, and to protect society, the court declines to grant Hicks's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Hicks's request for home confinement, Hicks seeks relief under the CARES Act. See [D.E. 77, 83, 88, 89, 93]. The CARES Act does not provide this court with the authority to grant

7

home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Hicks's request for home confinement.

II.

In sum, the court DENIES Hicks's motions for compassionate release [D.E. 76, 77], and DISMISSES Hicks's request for home confinement.

SO ORDERED. This 25 day of June 2021.

JAMES C. DEVER III
United States District Judge